# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

RICKY A. JOHNSON                                                    PLAINTIFF

V.                              No. 3:20-CV-00251-DPM-JTR

STEVE FRANKS, Sheriff,
Greene County, *et al.*                                          DEFENDANTS

## RECOMMENDED DISPOSITION

    The following Recommended Disposition has been sent to United States District Judge D.P. Marshall, Jr. You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation.  If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

    Plaintiff, Ricky A. Johnson ("Johnson"), then a prisoner in the Omega Unit of the Arkansas Division of Correction, filed a *pro se* § 1983 Complaint alleging that

Defendants violated his constitutional rights. *Doc. 2*. Before Johnson may proceed with this action, the Court must screen his claims.[1]

## II. Discussion

Johnson alleges that prior to being transferred to the ADC's Omega Unit, he was held for eight days at the Greene County Detention Center ("GCDC"). *Doc. 2 at 5-6*. During the intake process at GCDC, Johnson alleges that his personal property, which consisted of $418.00 in cash, his social security card, debit card, driver's license, phone, gold necklace, and clothing, was inventoried and taken from him by two GCDC employees, Defendants John Doe and Jane Doe. *Id. at 6*. However, when Johnson was transferred to the ADC eight days later, he alleges that he was not allowed to take his personal property with him, and when his family members subsequently attempted to pick-up his property from the GCDC, they were told the property could not be found. *Id.* Johnson alleges that the Defendants—Sheriff Steve Franks, Sergeant Harris, Mrs. A. Hubbell, John Doe and Jane Doe—

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

all whom are Greene County employees, violated his constitutional rights by taking his property. *Id. at 6-7.*

A prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property, as long as the State provides a post-deprivation remedy to address the property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981).[2] Arkansas provides such a post-deprivation remedy by allowing Johnson to file a conversion action, in state court, against Defendants for the loss of his property. *See Bausley v. Dugan*, 110 F. App'x 736, *1 (8th Cir. 2004) (holding that a prisoner could not bring a § 1983 claim against county jail employees for seizure of personal property because he could bring a conversion action against them in state court); *Carniglia v. Dearmon*, 16 F. App'x 548, 549 (8th Cir. 2001) (affirming district court's dismissal of prisoner-plaintiff's Fourteenth Amendment claim against county employees who would not return plaintiff's personal property because there was an adequate post-deprivation remedy under state law); *Butler v. Smith*, 208 F.3d 217, *1 (8th Cir.

---

[2] In *Parratt v. Taylor*, 451 U.S. 527 (1981) the Supreme Court held that a state prisoner could not bring a § 1983 due process claim for loss of property allegedly caused by a prison official's negligence because the State's post-deprivation tort remedy provided the process that was due to address the property loss. *Id.* at 536-37. In *Daniels v. Williams*, 474 U.S. 327, 328 (1986), the Supreme Court held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property," overruling *Parratt* to the extent it stated otherwise.

2000) (holding that prisoner, who alleged he was wrongly charged for meals while housed at the county jail, could not seek § 1983 relief because he had an adequate post-deprivation remedy in state court).

Because Johnson has an adequate post-deprivation remedy available to him in state court, he has not pled a viable due process claim. Accordingly, the Court recommends that this case be dismissed, without prejudice for failing to state a claim upon which relief may be granted.

IT IS THEREFORE RECOMMENDED THAT:

1.      Johnson's Complaint be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.      Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 6th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE